IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ROME DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION NO. |
| | ) | 4:22-CR-018-SEG-WEJ |
| ROBERTO RODRIGUEZ-SOTO | ) | |
| | ) | |

**AMENDED MOTION TO DISMISS INDICTMENT FOR
INVALIDITY OF PRIOR ORDER OF REMOVAL**

COMES NOW the Defendant, ROBERTO RODRIGUEZ-SOTO, by and through his undersigned counsel, and moves the Court to dismiss the indictment against him due to the invalidity of the prior order of removal. In support of this motion, Mr. Rodriguez-Soto states the following.

Mr. Rodriguez-Soto is charged by indictment with illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). The indictment alleges:

> On or about May 10, 2022, in the Northern District of Georgia, the defendant, ROBERTO RODRIGUEZ-SOTO, an alien to the United States of America, was found within the United States after having previously been deported and removed from the United States, and without having obtained the express consent of the Attorney General or the Secretary of Homeland Security, to re-apply for admission to the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2).

Doc. 1.

1

In 1994, at the age of two years old, Roberto Rodriguez-Soto entered the United States from Mexico as a lawful permanent resident. On February 27, 2015, Mr. Rodriguez-Soto entered a plea of guilty to a charge of injury to a child under Texas Penal Code § 22.04.[1] Adjudication of guilt was deferred. The Criminal District Court sentenced Mr. Rodriguez-Soto to serve three (3) years on deferred probation.

Based upon that disposition, Mr. Rodriguez-Soto was brought before an Immigration Judge in removal proceedings. The Notice to Appear stated that Mr. Rodriguez-Soto was subject to removal pursuant to § 237(a)(2)(E)(i) of the Immigration and Nationality Act because he was "an alien who at any time after entry ha[d] been convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment." The Immigration Judge held a hearing on May 18, 2015. While not contesting removability, Mr. Rodriguez-Soto requested relief from removal in the form of cancellation of removal. The Immigration Judge found that Mr. Rodriguez-Soto was removable as charged and denied cancellation of removal. The Judge orally pronounced his decision and then dictated an oral decision, which was reduced to writing.

---

[1] A court record lists the statute number as 22.01. However, the offense of injury to a minor is found in Texas Penal Code § 22.04. An Immigration Judge presiding over subsequent removal proceedings noted that the applicable statute as § 22.04.

Mr. Rodriguez-Soto appealed the Immigration Judge's decision to the Board of Immigration Appeals. On August 25, 2015, the Board of Immigration Appeals affirmed the decision of the Immigration Judge. Three days later, Immigration authorities removed Mr. Rodriguez-Soto to Mexico based on the final order by the Board of Immigration Appeals.

Mr. Rodriguez-Soto challenges whether he was properly removed pursuant to § 237(a)(2)(E)(i) of the Immigration and Nationality Act. Mr. Rodriguez-Soto challenges whether the Texas offense of injury to a child is within the category of "a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment." The categorical approach applies to that determination. Pierre v. U.S. Attorney General, 879 F.3d 1241, 1250 (11th Cir. 2018). Under that approach, the Court examines whether the elements of the statute meet the federal standard. Borden v. United States, 141 S.Ct. 1817, 1821 (2021). The elements of the statute must not be broader or encompassing of more conduct than the federal standard. See Descamps v. United States, 570 U.S. 254, 257 (2013), see also Pruteanu v. Attorney General, 713 Fed. Appx. 945, 947 (11th Cir. 2017). The focus is on whether the least culpable conduct sufficient for conviction under the criminal statute meets or is narrower than the federal standard. Pierre, supra.

Section 1227(a)(2)(E)(i) states:

> Any alien who at any time after admission is convicted of a crime of violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment is deportable.  For purposes of this clause, the term 'crime of domestic violence' means any crime of violence (as defined in section 16 of title 18) against a person committed by a current or former spouse of the person, by an individual with whom the person shares a child in common, by an individual who is cohabiting with or had cohabited with the person as a spouse, by an individual similarly situated to a spouse of the person under the domestic or family violence laws of the jurisdiction where the offense occurs, or by any other individual against a person who is protected from that individual's acts under the domestic or family violence laws of the United States or any State, Indian tribal government, or unit of local government.

8 U.S.C. § 1227(a)(2)(E)(i).

The definition of "crime of domestic violence" in § 1227(a)(2)(E)(i) does not embrace the Texas offense of injury to a child.  Texas Penal Code § 22.04 states:

> (a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child, elderly individual, or disabled individual:
>
> (1) serious bodily injury;
>
> (2) serious mental deficiency, impairment, or injury; or
>
> (3) bodily injury.

TEX. PENAL CODE § 22.04 (West).[2]  Under 18 U.S.C. § 16, a crime of violence is

---

[2] Texas Penal Code § 22.02(a-1) makes it a criminal offense for an owner, operator, or employee of a group home, nursing facility, assisted living facility, boarding home facility, intermediate care facility for persons with an intellectual or developmental disability, or other institutional care facility to knowingly, recklessly, or with criminal negligence by omission cause serious bodily injury, bodily injury,

one that has an element "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).  Offenses with a *mens rea* requirement that can be satisfied by recklessness or negligence do not qualify as crimes of violence. Borden, supra, at 1825-1828; Leocal v. Ashcroft, 543 U.S. 1, 12-13 (2004).  For that reason, the Texas offense of injury to child does not qualify as a crime of violence under the Immigration and Nationality Act.  Moreover, § 1227(a)(2)(E)(i) requires a domestic relationship for "crime of domestic violence," and the Texas offense of injury to child does not have such an element.  The injury to child statute also does not have an element of stalking.  Thus, it does not qualify as a "crime of stalking" for purposes of § 1227(a)(2)(E)(i).

The remaining category under § 1227(a)(2)(E)(i) is "crime of child abuse, child neglect, or child abandonment."  The Immigration and Nationality Act does not define those terms. Bastias v. U.S. Attorney General, 42 F.4th 1266, 1272, n. 4. (2022).  In the absence of a statutory definition, the Board of Immigration Appeals has interpreted "child abuse" to mean "any offense involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a child or that impairs a child's physical or mental well-being."[3]

---

or serious mental deficiency, impairment or injury to a child or other person who is a resident of that group home or facility. TEX. PENAL CODE § 22.04(a-1).

[3] The Board of Immigration Appeals has held that "child abuse, neglect, and

Pierre, 879 F.3d at 1249. The Eleventh Circuit Court of Appeals has held that "[b]ecause the statute is silent on the issue, [the Court of Appeals] may defer to the BIA's interpretation of the INA, so long as that interpretation is reasonable and consistent with the statute." Id.; Bastias, supra at 1271-1273. The Eleventh Circuit deferred to the BIA definition as a permissible interpretation of the term "child abuse." Pierre, 879 F.3d at 1250-1251; Bastias, 42 F.4th at 1273. The Court noted that it did not necessarily recognize the BIA interpretation as the best interpretation. Pierre, 42 F.4th at 1273-1275; Bastias, 42 F.4th at 1273-1276.

The definition employed by the BIA is overly broad. Section 1227(a)(2)(E)(i) makes *crimes* of child abuse, child neglect, and child abandonment deportable offenses. The BIA's interpretation encompasses state offenses with a *mens rea* as low as criminal negligence. However, that interpretation was stretched to reach the position of a small minority of states that criminalize conduct involving injury to a child where the conduct was based on a criminal negligence *mens rea*. See Ibarra, 736 F.3d at 917. In Ibarra, the Tenth Circuit Court of Appeals observed:

> Citing statutes from only six states, . . . the Board concluded that the term "crime of child abuse" in 8 U.S.C. § 1227(a)(2)(E)(i) should be interpreted 'broadly' to include 'any offense involving an intentional, knowing, reckless, or *criminally negligent* act or omission that constitutes maltreatment of a child.' [Cit.] This definition defies the rule

---

abandonment in 8 U.S.C. § 1227(a)(2)(E)(i) constitutes one, unitary concept." Ibarra v. Holder, 736 F.3d 903, 909 (10th Cir. 2013).

in Taylor that predicate crimes reflect the law of 'most States.' Ibarra, 736 F.3d at 917 (citing Taylor v. United States, 495 U.S. 575, 598(1990)) (emphasis in original). The interpretation adopted by the BIA is not reasonable and is not entitled to deference from the Court.

The Eleventh Circuit addressed this position in its very recent Bastias decision. Bastias had been convicted under a Florida statute criminalizing culpably negligent child neglect, and, as a result, he had been found to be deportable based upon § 1227(a)(2)(E)(i). Bastias, 42 F.4th at 1268-1269. Bastias argued that the BIA interpretation was impermissibly overbroad to the extent that it includes non-injurious criminally negligent conduct. Id. at 1270. Bastias asked the Court to follow the Tenth Circuit's decision in Ibarra. Id. The Eleventh Circuit rejected Bastias's argument and maintained its deference to the BIA interpretation of child abuse, finding it to be a reasonable interpretation. Id. at 1274-1276. Given that the BIA interpretation diverges from the generally accepted *mens rea* standards for criminal culpability, Mr. Rodriguez-Soto respectfully posits that the BIA interpretation is not reasonable. Consequently, Mr. Rodriguez-Soto posits that the Texas offense of injury to child does not categorically qualify as a deportable offense under § 1227(a)(2)(E)(i).

Title 8 U.S.C. § 1326(d) provides that in a criminal proceeding under § 1326,

an alien may not challenge the validity of the deportation order unless he demonstrates the following: (1) that he exhausted any administrative remedies that may have been available to seek relief against the order; (2) that the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) that the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d).  Those requirements are satisfied here.  Mr. Rodriguez-Soto appealed the Immigration Judge's order of removal to the Board of Immigration Appeals.  Pursuant 8 U.S.C. § 1252(b)(1), Mr. Rodriguez-Soto had thirty days from the date of the Board of Immigration Appeals' decision to seek judicial review by filing a petition for review in the United States Court of Appeals. Mr. Rodriguez-Soto was deported only three days after the BIA's order affirming the Immigration Judge's decision.  Thus, Mr. Rodriguez-Soto was denied a meaningful opportunity for judicial review.

As previously discussed, Mr. Rodriguez-Soto's prior conviction for injury to child under Texas Penal Code § 22.04 did not categorically qualify as a deportable offense.  Mr. Rodriguez-Soto came to the United States as a legal permanent resident at age two.  His family is in the United States.  He resided in the United States until being deported at age 23.  The entry of the order was fundamentally unfair because Mr. Rodriguez-Soto's prior conviction did not constitute a deportable

offense.

WHEREFORE, Mr. Rodriguez-Soto respectfully requests that the Court grant this motion and dismiss the indictment. Mr. Rodriguez-Soto requests leave to further supplement this motion.

Dated: This 9th day of September, 2022.

                                        Respectfully submitted,

                                        *s/ Kendal D. Silas*
                                        KENDAL D. SILAS
                                        State Bar of Georgia No. 645959
                                        Attorney for
                                        ROBERTO RODRIGUEZ-SOTO

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, GA 30303; 404/688-7530

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Amended Motion to Dismiss Indictment for Invalidity of Prior Order of Removal was electronically filed this day with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following:

>Gregory Radics, Esq.
>Assistant United States Attorney
>Northern District of Georgia
>Federal Courthouse, Ste. 600
>75 Ted Turner Drive, S.W.
>Atlanta, GA 30303

Dated: This 9th day of September, 2022.

>s/ *Kendal D. Silas*
>KENDAL D. SILAS, Esq.
>Attorney for
>ROBERTO RODRIGUEZ-SOTO