FILED IN CHAMBERS
U.S.D.C ATLANTA

Date: Nov 01 2022

KEVIN P. WEIMER , Clerk

By: s/Kari Butler

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA,

    v.

ROBERTO RODRIGUEZ-SOTO,

    Defendant.

CRIMINAL ACTION FILE NO.

4:22-CR-0018-SEG-WEJ-1

## NON-FINAL REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR INVALIDITY OF PRIOR ORDER OF REMOVAL [20, 24]

Defendant, Roberto Rodriguez-Soto, is charged with illegal reentry under 8 U.S.C. § 1326(a) and (b)(2). (See Indict. [1].) He filed a Preliminary Motion to Dismiss Indictment for Invalidity of Prior Order of Removal [20] on August 24, 2002. He perfected that filing with an Amended Motion to Dismiss Indictment for Invalidity of Prior Order of Removal [24] on September 9, 2022. The Government filed its Response [25] on September 25, 2022. For the reasons explained below, the undersigned **RECOMMENDS** that defendant's Motions be **DENIED**.

## I.    BACKGROUND

Defendant, a native and citizen of Mexico, was admitted to the United States as a lawful permanent resident at the age of two in July 1994. (Def.'s Am. Mot.

[24] 2; see also Dec. of Board of Immigration Appeals ("BIA"), Gov't Ex. A [25-1], at 2.)  Following a 2013 arrest, police charged defendant with indecency with a child, but he later entered a guilty plea to the crime of "injury to a child" under Texas Penal Code § 22.04.  (Def.'s Am. Mot. [24] 2.)[1]  According to defendant, adjudication of guilt was deferred and he received three-years' probation.  (Id.)

Based upon that guilty plea, Mr. Rodriguez was brought before an Immigration Judge ("IJ") for a removal proceeding.  The Notice to Appear stated that Mr. Rodriguez was subject to removal pursuant to Section 237(a)(2)(E)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(E)(i). (Def.'s Am. Mot. [24] 2; see also Dec. of BIA, Gov't Ex. A [25-1], at 2 n.1.)  Section 237(a)(2)(E)(i) of the INA provides in relevant part as follows:

> Any alien . . . in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens:
>
> (2)     Criminal offenses
>
> (E)     Crimes of domestic violence, stalking, or violation of protection order, crimes against children and
>
> (i)     Domestic violence, stalking, and child abuse

_____

[1] The statute defines a child as a "person 14 years of age or younger."  Tex. Penal Code § 22.04(c)(1).

2

> Any alien who at any time after admission is convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment is deportable. . . . .

8 U.S.C. § 1227(a)(2)(E)(i).

The IJ held a hearing on May 18, 2015.  (Def.'s Am. Mot. [24] 2.)  While not contesting removability, Mr. Rodriguez requested relief via of cancellation of removal.  (Id.)  That provision of the INA states in relevant part as follows:

(a)     Cancellation of removal for certain permanent residents

The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien—

(1)     has been an alien lawfully admitted for permanent residence for not less than 5 years,

(2)     has resided in the United States continuously for 7 years after having been admitted in any status, and

(3)     has not been convicted of any aggravated felony.

8 U.S.C. § 1229b(a).

The evidence introduced before the IJ was that Mr. Rodriguez, then about age 21, met a 13-year-old girl at a party.  (Dec. of BIA, Gov't Ex. A [25-1], at 2.)  When the child was 14, defendant had sexual intercourse with her on several occasions, including on one occasion during the school day after he picked her up at her school.  (Id.)  Based on the testimony of Mr. Rodriguez, the IJ determined

that he did not entirely accept blame for his criminal conduct, attempted to shift the blame for his criminal conduct to the child, and did not clearly exhibit a complete understanding that his criminal behavior was wrong.  (Id.)

The IJ found that Mr. Rodriguez was removable as charged and denied his application for cancellation of removal.  The IJ orally pronounced his decision and then dictated an oral decision, which was reduced to writing.  (Def.'s Am. Mot. [24] 2.)  Mr. Rodriguez appealed the IJ's decision to deny him relief in the form of a cancellation of removal to the BIA.  (Dec. of BIA, Gov't Ex. A [25-1], at 2.)

In a decision dated August 25, 2015, the BIA affirmed the IJ's decision. (Dec. of BIA, Gov't Ex. A [25-1], at 2.)  Defendant represents that, three days later (or on August 28, 2015), immigration authorities removed him to Mexico based on the BIA's final order.  (Def.'s Am. Mot. [24] 3.)  Defendant thereafter filed no appeal to a United States Circuit Court of Appeal.

## II.   **DISCUSSION**

Defendant seeks dismissal of the Indictment because he was not properly removed pursuant to Section 237(a)(2)(E)(i) of the INA.  He argues that the Texas offense of injury to a child is not within the category of "a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child

abandonment" to make him removable under the INA.  (Def.'s Am. Mot. [24] 3 (quoting 8 U.S.C. § 1227(a)(2)(E)(i)).)

In recognition of the INA's limitations on collateral attacks of removal orders in illegal reentry prosecutions, defendant further asserts that he has met all three elements established by 8 U.S.C. § 1326(d).[2]  As for element one, defendant claims that he exhausted administrative remedies because he appealed the IJ's order of removal to the BIA.  As for element two, Mr. Rodriguez-Soto shows that he had thirty days from the date of the BIA's decision affirming the IJ to seek judicial review by filing a petition in the United States Court of Appeals.  (Def.'s Am. Mot.

---

[2] This provision of the INA provides as follows:

In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that—

(1)    the alien exhausted any administrative remedies that may have been available to seek relief against the order;

(2)    the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

(3)    the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).

5

[24] 8 (citing 8 U.S.C. § 1252(b)(1)).)  However, because he was deported three days after the BIA's order affirming the IJ's decision, Mr. Rodriguez argues that he was denied a meaningful opportunity for judicial review.  As for the third element, Mr. Rodriguez contends that, because (1) his conviction for injury to a child under Texas Penal Code § 22.04 did not categorically qualify as a deportable offense, (2) he came to the United States as a legal permanent resident at age two, (3) his family is in the United States, and (4) he resided in the United States until being deported at age 23, entry of the order of removal was fundamentally unfair. (Def.'s Am. Mot. [24] 8-9.)

The Government responds that although Mr. Rodriguez sought review in the BIA, the only issue he appealed was the IJ's denial of relief in the form of a cancellation of removal.  He did not appeal the issue of whether his Texas conviction was an aggravated felony.  Therefore, he failed to exhaust administrative remedies as required by Section 1326(d)(1).  The Government also argues that defendant did not seek review of the BIA's decision in the relevant United States Court of Appeal.  Although he was deported before that appeal was due, nothing stopped him from asking his lawyer to pursue it.  Therefore, he was not improperly deprived of the opportunity for judicial review as required by

Section 1326(d)(2).  Because Mr. Rodriguez cannot establish the first two elements of Section 1326(d), he cannot collaterally attack that 2015 removal here.  (Gov't Resp. [25] 2-3.)

The Government also shows that Mr. Rodriguez was again ordered removed from the United States on November 18, 2018 under Section 212(a)(6)(C)(ii) of the INA, 8 U.S.C. § 1182(a)(6)(C)(ii), when he falsely claimed to be a United States citizen for the purpose of gaining entry into this country.  (See Nov. 18, 2018 Notice and Order of Expedited Removal, Gov't Ex. B [26].)  The Government asserts that because defendant failed to appeal that 2018 removal order to the BIA, he failed to exhaust administrative remedies.  The Government further contends that defendant has also failed to show that he was improperly deprived of judicial review regarding that 2018 removal order.  (Gov't Resp. [25] 3.)

Section 1326(d) of the INA contains a three-part provision governing collateral attacks of removal orders in illegal reentry prosecutions.  (See supra note 2.)  A defendant must satisfy all three elements before collaterally attacking a prior removal order in a subsequent prosecution for illegal reentry.  United States v. Palomar-Santiago, 141 S. Ct. 1615, 1620-21 (2021); see also United States v. Sam-Pena, No. CR-21-00888-001-PHX-GMS, 2022 WL 1443767, at *1 (D. Ariz. May

6, 2022) ("defendants must 'meet all three' conditions in order to challenge their underlying removal orders").  If any one of the three conditions is not met, "the court lacks jurisdiction and the challenge must be dismissed." United States v. Dominguez-Bido, No. 21-1895, 2022 WL 5056441, at *1 (2d Cir. Oct. 5, 2022). "'Because a final deportation order enjoys a presumption of regularity,' the burden is on the defendant to 'prove each of § 1326(d)'s elements to overcome the presumed legality of the earlier deportation order.'" United States v. Rivera-Lopez, No. 2:22-CR-00413 MIS, 2022 WL 3101073, at *2 (D.N.M. Aug. 4, 2022) (quoting United States v. Adame-Orozco, 607 F.3d 647, 651 (10th Cir. 2010)).

As for the first two factors, "'A court may not excuse a failure to exhaust' administrative or judicial review." United States v. Corral-Calderon, No. CR-21-00228-001-PHX-GMS, 2021 WL 6197906, at *2 (D. Ariz. Dec. 29, 2021) (quoting United States v. Tamayo-Ramos, 547 F. Supp. 3d 921, 924 (S.D. Cal. 2021)). This is because, as the Supreme Court made clear in Palomar-Santiago, "[t]he immigration judge's error on the merits does not excuse the noncitizen's failure to

comply with a mandatory exhaustion requirement if further administrative review, and then judicial review if necessary, could fix that very error." 141 S. Ct. at 1621.[3]

The undersigned reports that Mr. Rodriguez cannot collaterally attack the 2015 order of removal given his failure to establish all three elements of Section 1326(d).  As for element one, he failed to exhaust administrative remedies by not appealing to the BIA the issue he raises here, i.e., whether the conviction identified in the charging document (Texas Penal Code § 22.04) was a removable offense. As for element two, Mr. Rodriguez fails to show that he was improperly deprived of the opportunity for judicial review.  The fact that he was deported did not prevent him from seeking review in a United States Court of Appeal.  Because two of the

---

[3] The Supreme Court summarized the administrative and judicial review process as follows:

> Noncitizens facing removal generally receive a hearing before an immigration judge.  Noncitizens can proffer defenses at that hearing, including that the conviction identified in the charging document is not a removable offense.  If unsuccessful, they may appeal to the Board of Immigration Appeals (BIA).  See 8 U.S.C. § 1229a(c)(5); 8 C.F.R. §§ 1003.1(b), (d)(3), 1240.15 (2021).  If unsuccessful again, they can seek review of the BIA's decision before a federal court of appeals.  See 8 U.S.C. §§ 1101(a)(47), 1252.

Palomar-Santiago, 141 S. Ct. at 1619.

conditions established by Section 1326(d) have not been met, this Court lacks jurisdiction to hear the challenge and it must be dismissed. See Dominguez-Bido, 2022 WL 5056441, at *1.

But, even if Mr. Rodriguez could make the arguable case that he exhausted administrative remedies for the 2015 removal order and that he was improperly denied judicial review of the 2015 removal order because of his deportation, he completely fails to address the 2018 removal order. There is no evidence that (1) he exhausted any administrative remedies that may have been available to seek relief against the 2018 removal order; (2) he was improperly deprived of the opportunity for judicial review of the 2018 removal order; and (3) entry of the 2018 removal order was fundamentally unfair. See 8 U.S.C. § 1326(d). Therefore, Mr. Rodriguez has no basis to collaterally attack either order of removal.

## III.   **CONCLUSION**

For the reasons stated above, the undersigned **RECOMMENDS** that Defendant's Preliminary [20] and Amended [24] Motions to Dismiss Indictment for Invalidity of Prior Removal Order be **DENIED**.

10

**SO RECOMMENDED**, this 1st day of November, 2022.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE