UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION NO. |
| ROBERTO RODRIGUEZ-SOTO, | 4:22-CR-0018-SEG-WEJ |
| Defendant. | |

### O R D E R

This case is before the Court on the Magistrate Judge's Non-Final Report and Recommendation ("R&R") on Defendant Roberto Rodriguez-Soto's "motion to dismiss the indictment for invalidity of the prior order of removal." (Doc. 28.)  Mr. Rodriguez-Soto filed an objection to the R&R.  (Doc. 34.)

**I.      Procedural Background**

On May 24, 2022, Mr. Rodriguez-Soto was indicted for illegal re-entry in violation of 8 U.S.C. § 1326(a) and (b)(2).  (Doc. 1.)  The indictment alleged that he had been found in the United States "after having previously been deported and removed" from this country.  (*Id.*)  On August 24, 2022, Mr. Rodriguez-Soto filed a preliminary motion to dismiss the indictment, arguing that while he was previously removed from the United States in August 2015, the removal order from that proceeding was invalid.  (Doc. 20.)  He perfected his motion to dismiss on September 9, 2022.  (Doc. 24.)

The Government filed a response in opposition. (Doc. 25.) In its response, the Government argued that Mr. Rodriguez-Soto was precluded from challenging the 2015 removal order because he had not satisfied the prerequisites of 8 U.S.C. § 1326(d), a statute that limits the circumstances under which a defendant may bring a collateral attack on a deportation order. The Government further argued that Mr. Rodriguez-Soto was removed on a second occasion in 2018, and that he had not satisfied 8 U.S.C. § 1326(d) with respect to that removal order.

The Magistrate Judge recommended that the motion to dismiss be denied, concluding that Mr. Rodriguez-Soto could not collaterally attack the 2015 removal order because he failed to establish two of the three prerequisites of 8 U.S.C. § 1326(d). (Doc. 28.) Specifically, the Magistrate Judge found that Mr. Rodriguez-Soto failed to exhaust administrative remedies by not appealing to the Board of Immigration Appeals ("BIA") the issue of whether his conviction was a removable offense, and that he further failed to show that he was deprived of the opportunity for judicial review of the Immigration Judge's ("IJ") order. The R&R also stated that Mr. Rodriguez-Soto's motion failed to address the 2018 removal order. It found no evidence that Mr. Rodriguez-Soto satisfied the requirements of § 1326(d) with respect to that order.

Mr. Rodriguez-Soto objects to the R&R.  He argues that: (1) he exhausted his administrative remedies under 8 U.S.C. § 1326(d) by appealing the 2015 removal order to the BIA; (2) he was denied an opportunity for full judicial review of the 2015 order because he was deported three days after his appeal to the BIA was decided; and (3) the "illegality of the 2015 removal taints the legality of the 2018 removal," such that he need only satisfy 8 U.S.C. § 1326(d), with respect to the 2015 removal order.  (Doc. 34 at 3.)

## II.    Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1), the Court must conduct a *de novo* review of those portions of the R&R to which Defendant has timely and specifically objected.  The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667 (1980).  For a party's objections to warrant de novo review, he "must clearly advise the district court and pinpoint the specific findings that [he] disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009).  Those portions of the R&R as to which there are no objections will be assessed for clear error only.  *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006) ("[I]ssues upon which no specific objections are raised do not so require *de novo* review; the district court may therefore 'accept, reject, or

3

modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]' applying a clearly erroneous standard.") (quoting 28 U.S.C. § 636(b)(1)).

### III. Factual Background

Mr. Rodriguez-Soto is a citizen of Mexico. He first came to this country in 1994 at the age of two years old, as a lawful permanent resident. On February 27, 2015, Mr. Rodriguez-Soto pleaded guilty to "injury to a child" under Texas Penal Code § 22.04. (Doc. 24 at 2.) According to Mr. Rodriguez-Soto, adjudication of guilt in that matter was "deferred," and he received three years of "deferred probation." (*Id.*)

Based upon his plea of guilty, Mr. Rodriguez-Soto was brought before an IJ for removal proceedings, pursuant to 8 U.S.C. § 1227(a)(2)(E)(i). That statute states in part that "[a]ny alien who at any time after admission is convicted of a crime of domestic violence, a crime of stalking, or a crime of child abuse, child neglect, or child abandonment is deportable." 8 U.S.C. § 1227(a)(2)(E)(i). At a hearing on May 18, 2015, Mr. Rodriguez-Soto never disputed that he was "removable" under the statute, but he did seek "cancellation" of his removal pursuant to 8 U.S.C. § 1229b(a).[1] The evidence

---

[1] Under 8 U.S.C. § 1229b(a), the Attorney General may cancel removal in the case of a deportable, non-citizen, if the non-citizen (1) has been lawfully

4

before the IJ was that Mr. Rodriguez had sexual intercourse with a 14-year-old on several occasions when he was about 21 years old.[2]

The IJ determined that Mr. Rodriguez-Soto was deportable as charged under § 237(a)(2)(E)(i), based on the crime to which he had pleaded guilty. The IJ then denied cancellation of removal. Mr. Rodriguez-Soto appealed the IJ's removal order to the BIA. The BIA affirmed the IJ's decision on August 25, 2015, stating that it "fully considered the significant level of hardship" which would result from the removal, but concluded that the IJ "properly denied the respondent's application for cancellation of removal as a matter of discretion. . ." (Doc. 25-1 at 3.) Mr. Rodriguez-Soto was deported three days later. He did not appeal the BIA's decision to any federal court of appeals.

## IV.  Discussion

A federal statute, 8 U.S.C. § 1326(d), limits the circumstances under which a person facing an illegal reentry charge can collaterally attack an underlying deportation order. In such cases, a non-citizen may not challenge the validity of a previous deportation order unless:

---

admitted for permanent residence for not less than five years; (2) has resided in this country continuously for seven years after having been admitted in any status, and (3) has not been convicted of any aggravated felony.

[2] *See* Decision of the Board of Immigration Appeals, *In re Roberto Rodriguez-Soto*, File No. A044-759-844.  (Doc. 25-1 at 2.)

5

    (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

    (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

    (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).[3]

Mr. Rodriguez-Soto must satisfy all three requirements before he can bring a collateral attack against an underlying removal order. *United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1622 (2021). Here, the Magistrate Judge determined that Mr. Rodriguez-Soto did not satisfy the first two statutory requirements with respect to the 2015 deportation order. (Doc. 28 at 9-10.) As such, the Magistrate Judge did not address the third requirement involving the order's alleged fundamental unfairness. And it did

---

[3] The word "alien" is in the statute. Otherwise, the undersigned would avoid use of this pejorative term. *Jean-Louis v. U.S. Att'y Gen.*, No. 20-12082, 2021 WL 2885838 (11th Cir. July 9, 2021) (Martin, J. concurring) ("'Alien' is increasingly recognized as an 'archaic and dehumanizing' term."); *Metwaly v. Barr*, No. 1:20-CV-1289-MLB, 2021 WL 857744, at *3 n. 3 (N.D. Ga. Mar. 8, 2021) (stating "[t]he Court understands some find the term 'alien' dehumanizing and offensive" and noting that the current administration is considering legislation to remove that term from U.S. immigration laws).

6

not reach the question of whether the Texas conviction qualified Mr. Rodriguez-Soto for removal.

The undersigned recognizes the enormity of the consequences of the 2015 deportation order for the defendant in this case. Mr. Rodriguez-Soto, though a citizen of Mexico, lived in this country from age 2 to age 23. On arrival in this country, he was a legal permanent resident. Mr. Rodriguez-Soto's family is in the United States. (Doc. 24 at 8.) The 2015 order sent Mr. Rodriguez-Soto back to a country where he had not resided since he was a toddler. (*Id.*) For the reasons that follow, however, the Court is constrained by the law to agree with the Magistrate Judge that the defendant has not satisfied the requirements of 8 U.S.C. § 1326(d).

### A. Exhaustion of Administrative Remedies

Under Section 1326(d), a defendant must demonstrate that he "exhausted any administrative remedies that may have been available to seek relief against the order." Importantly, the noncitizen "must exhaust only those remedies that are effectively available." *United States v. Perez-Gomez*, No. 3:13CR288-MHT, 2014 WL 6687586, at *8 (M.D. Ala. Nov. 26, 2014) (stating that an "impermissible" reading of § 1326(d) would require a noncitizen "to exhaust even those administrative remedies that are not *functionally* available to him").

7

The Supreme Court has described the administrative and judicial review process for noncitizens facing removal as follows:

> Noncitizens facing removal generally receive a hearing before an immigration judge. Noncitizens can proffer defenses at that hearing, including that the conviction identified in the charging document is not a removable offense. If unsuccessful, they may appeal to the Board of Immigration Appeals (BIA). See 8 U. S. C. §1229a(c)(5); 8 CFR §§1003.1(b), (d)(3), 1240.15 (2021). If unsuccessful again, they can seek review of the BIA's decision before a federal court of appeals. See 8 U. S. C. §§1101(a)(47), 1252.

*Palomar-Santiago*, 141 S. Ct. at 1619.

Mr. Rodriguez-Soto argues that he exhausted his administrative remedies regarding the 2015 removal order because he appealed that order to the BIA. (Doc. 24 at 2.) It is undisputed that he did so appeal. The Magistrate Judge reported, however, that while Mr. Rodriguez-Soto appealed the 2015 removal order, he did not appeal to the BIA the specific issue that he now raises – *i.e.*, whether his Texas conviction constituted a removable offense. (Doc. 28 at 9.)

The parties agree that Mr. Rodriguez-Soto did not challenge the issue of removability either before the IJ or the BIA. (Doc. 24 at 2.) The question therefore is whether Mr. Rodriguez-Soto can be said to have exhausted "any" remedies "that may have been available to seek relief against the order"

8

when he did appeal to the BIA, but he did not raise at any stage the question of whether his criminal conviction rendered him removable.

Neither the Government nor Mr. Rodriguez-Soto cite to a single case in support of their respective interpretations of § 1326(d)'s exhaustion requirement, or how it should apply to the specific facts of this case.  The Court observes that non-binding precedent in this circuit suggests that the exhaustion language in § 1326(d) requires the noncitizen not just to have appealed to the BIA (as the defendant did here), but to have raised in the immigration proceedings the specific issue that is the subject of the collateral attack.  *See, e.g., United States v. Perez-Mazariegos*, 494 F. App'x 928, 929-30 (11th Cir. 2012) (affirming denial of motion to dismiss for failure to exhaust administrative remedies under §1326(d), where the defendant did not raise his ineffective assistance of counsel claim before the BIA, either in his original appeal or in a motion to reopen); *cf. United States v. Vasquez-Montalban*, 263 F. App'x 822, 823-24 (11th Cir. 2008) (finding that defendant had exhausted his remedies where the defendant "appealed to the BIA, arguing that his DWI conviction was not an aggravated felony under the INA").  Ultimately, the Court finds it unnecessary to resolve the exhaustion question because Mr. Rodriguez-Soto's motion must be dismissed for other reasons set forth below.

### B. Opportunity for Judicial Review

Mr. Rodriguez-Soto argues that he was improperly deprived of his opportunity for judicial review at the appellate level. *See* 8 U.S.C. § 1326(d)(2). Specifically, Mr. Rodriguez-Soto asserts that he was denied the opportunity to appeal the BIA's decision to the Court of Appeals because he was deported three days after the BIA's decision. (Doc. 24 at 8.) The Magistrate Judge agreed with the Government with respect to the defendant's "judicial review" argument, stating that "[t]he fact that [defendant] was deported did not prevent him from seeking review in a United States Court of Appeal." (Doc. 28 at 9.) This Court is constrained to agree.

The Eleventh Circuit has determined that an individual may seek judicial review of a removal order even after he is deported. *Stewart v. U.S. Att'y Gen.*, 776 F. App'x 573, 578, n.2 (11th Cir. 2019) ("[T]he parties agree— and the law is clear—that an alien's removal does not moot his petition."); *Salinas v. U.S. Atty. Gen.*, 630 F. App'x 882, 883 (11th Cir. 2015) ("[P]etitioner's removal does not moot her petition."); *Moore v. Ashcroft*, 251 F.3d 919, 922 (11th Cir. 2001) ("Petitioner's removal from the United States

does not render her case moot.").[4]  Thus, under binding circuit precedent, the fact that Mr. Rodriguez-Soto was deported shortly after the BIA's decision became final did not foreclose his ability to seek review in the Court of Appeals.  The defendant has not demonstrated that his deportation proceedings deprived him of the opportunity for judicial review.  Mr. Rodriguez-Soto thus has not shown that he satisfies the mandatory requirements of § 1326(d) with respect to the 2015 order.

### C. 2018 Removal Order

The Government has proffered evidence that the defendant was removed on a second occasion in 2018, after he allegedly falsely represented himself to be a United States citizen to gain entry into the country.  (Doc. 26 at 1.)  Mr. Rodriguez-Soto makes no argument that he has met the requirements of § 1326(d) in relation to the 2018 removal order.  As the Magistrate Judge notes, there is no evidence that Mr. Rodriguez-Soto exhausted his administrative remedies as to the 2018 deportation order, was improperly deprived of the opportunity for judicial review of that order, or that entry of the 2018 order was fundamentally unfair.  Mr. Rodriguez-Soto's

---

[4] Additionally, in theory, a noncitizen subject to a removal order may petition the Court of Appeals to block removal while adjudicating his appeal of the removal order.  *See, e.g., Nken v. Holder*, 556 U.S. 418, 425 (2009).

argument regarding the 2018 removal order is that had he "not been wrongfully removed to Mexico in 2015, he would not have been denied admission and removed in 2018." (Doc. 34 at 3.) But Mr. Rodriguez-Soto does not cite any case or other authority in support of this argument, and the Court has not found any. The Court cannot find that Mr. Rodriguez-Soto has satisfied the requirements of § 1326(d) with respect to the 2018 order.

## IV.  Conclusion

For the reasons explained above, the Court ADOPTS the Magistrate Judge's R&R (Doc. 28) and DENIES Mr. Rodriguez-Soto's motion to dismiss the indictment (Doc. 20, 24).

**SO ORDERED** this 9th day of December, 2022.

_____
SARAH E. GERAGHTY
United States District Judge