UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL ACTION NO. |
| ROBERTO RODRIGUEZ-SOTO, | 4:22-CR-0018-SEG-WEJ |
| Defendant. | |

**O R D E R**

This case is before the Court on the Magistrate Judge's Non-Final Report and Recommendation ("R&R") on Defendant Roberto Rodriguez-Soto's motion to dismiss the indictment for violation of equal protection. (Doc. 30.) Mr. Rodriguez-Soto has filed objections to the R&R.[1] (Doc. 35, 47.) On December 20, 2022, during a telephone conference with the parties, this Court overruled Defendant's objections and denied the motion to dismiss. The reasons for this ruling are stated below.

---

[1] On December 13, 2022, Mr. Rodriguez-Soto requested leave to supplement his original objections. (Doc. 44.) That request was granted, and Mr. Rodriguez-Soto filed supplemental objections on December 16, 2022. (Doc. 47.)

### I. Background

Mr. Rodriguez-Soto, a citizen of Mexico, was admitted to the United States as a lawful permanent resident at the age of two in 1994. (Doc. 22 at 10-11; Doc. 28 at 1.)  Many years later, he was removed from the United States (*id.* at 11) following conviction of a criminal offense.  (Doc. 28 at 2-4.)

Mr. Rodriguez-Soto was indicted on May 24, 2022, on one count of illegal re-entry in violation of 8 U.S.C. § 1326(a) and (b)(2).  (Doc. 1.)  On August 24, 2022, he filed a preliminary motion seeking to dismiss the indictment for violation of the equal protection guarantee of the United States Constitution.  (Doc. 19.)  He perfected that motion on September 1, 2022 (Doc. 22) and separately filed exhibits in support (Doc. 23).

Mr. Rodriguez-Soto argues that the statute under which he is charged, 8 U.S.C. § 1326, violates the equal protection guarantee of the Fifth Amendment under the standard articulated in *Village of Arlington Heights v. Metropolitan Hosing Dev. Corp.*, 429 U.S. 252 (1977).  Defendant specifically argues that § 1326 is unconstitutional because (1) Congress enacted its predecessor, the Undesirable Aliens Act of 1929 ("UAA"), out of racial animus toward Mexican and Latino immigrants, (2) more recent versions of the statute did not cleanse the law of its original taint, and (3) the statute has a disparate impact on Mexican and Latino persons.  Mr. Rodriguez-Soto's

challenge to § 1326 is one of many similar challenges that people charged with this offense have filed across the United States following the decision by a court in the District of Nevada in *United States v. Carrillo-Lopez*, 555 F.Supp.3d 996 (D. Nev. 2021). The Government has filed a response in opposition. (Doc. 27.)

The Magistrate Judge issued a R&R recommending that the motion to dismiss be denied. (Doc. 30.) The Magistrate Judge notes that numerous courts have rejected the argument presented by Mr. Rodriguez-Soto. In his objection, Mr. Rodriguez-Soto asserts that those cases were incorrectly decided. He urges the Court to apply strict scrutiny and follow the sole case he cites in support of his position. (Doc. 35 at 1-2.)

Having carefully considered the parties' arguments and supporting materials, as well as the reasoning in *Carrillo-Lopez* and the cases that have declined to follow it, the Court ADOPTS the Magistrate Judge's R&R (Doc. 30) and DENIES Mr. Rodriguez-Soto's motion to dismiss the indictment. (Doc. 19, 22.) *See, e.g., United States v. Hernandez-Lopez*, 583 F. Supp. 3d 815, 818 (S.D. Tex. 2022) ("Based on [defendant's] evidence of Congress's intent in 1952 and in 1988, the court finds that the history, while shameful, does not require dismissal of this indictment.")

## II. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1), the Court must conduct a de novo review of those portions of the R&R to which Defendant has timely and specifically objected. The Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667 (1980). For a party's objections to warrant de novo review, he "must clearly advise the district court and pinpoint the specific findings that [he] disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). Those portions of the R&R for which there are no objections will be assessed for clear error only. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006) ("[I]ssues upon which no specific objections are raised do not so require de novo review; the district court may therefore 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]' applying a clearly erroneous standard.") (quoting 28 U.S.C. § 636(b)(1)).

### III. Discussion

#### A. The Weight of Authority in Cases Challenging § 1326 on Equal Protection Grounds

Mr. Rodriguez-Soto asserts that the Court should apply the equal protection framework in *Village of Arlington Heights v. Metropolitan Housing Development*, 429 U.S. 252 (1977), to § 1326 and hold that the statute violates equal protection. He cites to one case in support of his position: *United States v. Carrillo-Lopez*, 555 F. Supp.3d 996 (D. Nev. 2021). There, the defendant presented an argument that is practically identical to Mr. Rodriguez-Soto's. The Nevada court granted that defendant's motion to dismiss, finding that the statute was enacted with a racially discriminatory purpose and did have a disparate impact on Mexican and Latino individuals.

In contrast, the Government presents a list of twenty-four district court decisions that have rejected the same arguments Mr. Rodriguez-Soto makes here.[2] (Doc. 27 at 3 n.5.) In addition to the twenty-four cases cited by the

---

[2] *United States v. Barrera-Vasquez,* No. 2:21cr98, 2022 WL 3006773 (E.D. Va. July 28, 2022); *United States v. Ramirez-Mendoza,* No. 4:22-cr-00007-LMM-WEJ, 2022 WL 2714963 (N.D. Ga. July 13, 2022); *United States v. Guadalupe,* No. 2:18-cr-00240-TLN, 2022 WL 2276705 (E.D. Cal. June 23, 2022); *United States v. Santos-Reynoso,* No. 21-CR-268-LTS, 2022 WL 2274470 (S.D.N.Y. June 23, 2022); *United States v. Crespo-Castalan,* No. 22 Cr. 009 (JFK), 2022 WL 2237574 (S.D.N.Y. June 22, 2022); *United States v. Salas-Silva,* No. 3:20-cr-00054-RCJ-CLB, 2022 WL 2119098 (D. Nev. June 13, 2022); *United States v. Viveros-Chavez,* Case No. 21 CR 665, 2022 WL

Government, the Court is aware of several other district court cases that have been decided similarly. *See, e.g., United States v. Vera*, No. 1:22-cr-00043-JL, 2022 WL 3716503 (D. N.H. Aug. 29, 2022); *United States v. Lopez-Segura*, No. CR-22-00196-PRW, 2022 WL 4084438 (W.D. Okla. Sept. 6, 2022); *United States v. Leonides-Seguria*, No. 21CR 390, 2022 WL 4273176 (N.D. Ill. Sept. 12, 2022); *United States v. Paredes-Medina*, No. 2:21-cr-00323-CDS-DJA, 2022 WL 7683738 (D. Nev. Oct. 13, 2022). Although these courts have

---

2116598 (N.D. Ill. June 13, 2022); *United States v. Ramirez-Aleman,* No. 21CR3403-BEN, 2022 WL 1271139, at *8 (S.D. Cal. Apr. 27, 2022); *United States v. Munoz-De La O,* No. 2:20-CR-134-RMP-1, 2022 WL 508892 (E.D. Wash. Feb. 18, 2022); *United States v. Hernandez-Lopez*, No. H-21-440, 2021 WL 313774 (S.D. Tex. Feb. 2, 2022); *United States v. Sifuentes-Feliz,* No. 21-CR-337-WJM, 2022 WL 293228, at *3 (D. Col. Feb1, 2022); *United States v. Mauricio-Morales,* No. 21-CR-298-R, 2022 WL 99996, at *1 (W.D. Okla. Jan. 10, 2022); *United States v. Sanchez-Felix*, No. 21-CR-00310-PAB (D. Colo. Dec. 28, 2021); *United States v. Rivera-Sereno*, No. 2:21-CR-129, 2021 WL 5630728 (S.D. Ohio Dec. 1, 2021); *United States v. Amador-Bonilla*, No. CR-21-187-C, 2021 WL 5349103, at *1 (W.D. Okla. Nov. 16, 2021); *United States v. Samuels-Baldayaquez*, No. 4:20-CR-83, 2021 EL 5166488 (N.D. Ohio Nov. 5, 2021); *United States v. Suquilanda*, 21-CR-263, 2021 WL 4895956 (S.D.N.Y. Oct. 20, 2021); *United v. Orozco-Orozco*, No. 21-CR-02349-TWR, 2021 U.S. Dist. LEXIS 178951, (S.D. Cal. Sept. 20, 2021); *United States v. Novondo-Ceballos,* No. 21-CR-383 RB, 2021 WL 3570229 (D. N.M. Aug. 12, 2021); *United States v. Machic-Xiap*, No. 3:19-CR-407-SI, 2021 WL 3362738 (D. Or. Aug. 3, 2021); *United States v. Wence*, No. 3:20-CR-0027, 2021 WL 2463567 (D.V.I. June 16, 2021); *United States v. Gutierrez- Barba*, No. CR-19-01224-001-PHX-DJH, 2021 WL 2138801 (D. Ariz. May 25, 2021); *United States v. Zepeda*, No. CR-20-0057, 2021 WL 4998418 (C.D. Cal. Jan. 5, 2021); *United States v. Palacios-Arias*, No. 3:20-CR-00062-JAG (E.D. Va. Oct. 13, 2020).

been split about whether to apply the *Arlington Heights* approach or the rational basis test, they have all declined to find § 1326 unconstitutional.

In a recent case, the Fifth Circuit Court of Appeals determined that this equal protection challenge "fails under either standard." *United States v. Barcenas-Rumualdo*, 53 F.4th 859, 865 (5th Cir. 2022). While rational basis review may apply in this Circuit,[3] this Court likewise finds that Mr. Rodriguez-Soto's challenge cannot succeed under either standard.

**B. Rational Basis Review**

Defendant's challenge to the statute cannot succeed under rational-basis review. The Eleventh Circuit has stated that under the rational basis test, a law does not violate equal protection "so long as [it is] rationally related to a legitimate government interest." *United States v. Ferreira,* 275

---

[3] The Government contends that *Arlington Heights* is the wrong framework through which to view this claim. (Doc. 27 at 5.) Since § 1326 concerns immigration, the Government argues that rational-basis review applies. *United States v. Osorto*, 995 F.3d 801 (11th Cir. 2021) ("So while state laws that discriminate against noncitizens are subject to strict scrutiny under the Fourteenth Amendment, *see Graham v. Richardson*, 403 U.S. 365, 376, 91 S. Ct. 1848, 29 L.Ed.2d 534 (1971), federal laws that discriminate against noncitizens must pass only rational-basis scrutiny under the Fifth Amendment. . .") (citation omitted). In considering the applicable standard in a factually similar case, the Fifth Circuit Court of Appeals found "ample support for both positions" as to the standard but declined to resolve the question, since the equal-protection claim failed under either standard. *Barcenas-Rumualdo*, 53 F.4th at 859, 864.

7

F.3d 1020, 1025 (11th Cir. 2001). Here, Mr. Rodriguez-Soto makes no argument that § 1326 is not supported by a rational basis, instead focusing on the application of *Arlington Heights*. He thus fails to meet his burden to show that § 1326 does not satisfy rational-basis review.

### C. *Arlington Heights* Analysis

Next, turning to the *Arlington Heights* standard, the Supreme Court has held that a facially neutral statute can violate equal protection principles if it has a racially disproportionate impact. 429 U.S. at 265-66. To show that a statute violates equal protection, a litigant must prove that the statute was enacted for a discriminatory purpose or intent and that it has a disparate impact. *See id*. The burden then shifts to the government to show it would have enacted the law without the discriminatory purpose. *See id*. at 264-65 ("[O]fficial action will not be held unconstitutional solely because it results in a racially disproportionate impact . . . Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.").[4]

---

[4] The Eleventh Circuit has summarized the relevant evidentiary factors for determining whether racially discriminatory intent existed as follows: (1) the impact of the challenged law; (2) the historical background; (3) the specific sequence of events leading up to its passage; (4) procedural and substantive departures; (5) the contemporary statements and actions of key legislators; (6) the foreseeability of the disparate impact; (7) knowledge of that impact, and (8) the availability of less discriminatory alternatives. *Greater Birmingham*

Mr. Rodriguez-Soto asks the Court to find that § 1326 has a disparate impact on Mexican and other Latino defendants.  (Doc. 22 at 37.)  The statistical evidence he cites certainly supports his claim.  For example, according to the United States Sentencing Commission, in fiscal year 2020, Hispanic persons constituted 99.1% of persons prosecuted under the illegal reentry statute.[5]  And in fiscal year 2021, Hispanic persons constituted 99% of persons prosecuted under the illegal reentry statute.[6]

The Government does not dispute that most prosecutions for illegal reentry are against persons from Mexico and Latin America.  It argues, instead, that the disproportionate prosecutions of such individuals are a consequence of geographical proximity and other political, economic, and social factors.  (Doc. 27 at 19.)

That geographical, political, and other factors may contribute to the disparity is really beside the point, at least on the question of impact.  On that

---

*Ministries v. Sec'y of State for State of Alabama*, 992 F.3d 1299, 1322 (11th Cir. 2021).

[5] Doc. 22 at 35 (citing United States Sentencing Commission, Quick Facts: Illegal Reentry Offenses, Fiscal Year 2020).

[6] Doc. 22 at 35 (citing United States Sentencing Commission, Quick Facts: Illegal Reentry Offenses, Fiscal Year 2021) (available at https://www.ussc.gov research/quick-facts/illegal-reentry).

question, we consider whether the statute "bears more heavily on one race than another." *Greater Birmingham Ministries v. Sec'y of State for State of Alabama*, 992 F.3d 1299, 1321 (11th Cir. 2021) (quoting *Arlington Heights*, 429 U.S. at 266). Here, the undisputed statistics from the United States Sentencing Commission suggest that the statute in question does bear more heavily on one race than another. Further, "[t]hat an innocent explanation may exist for the disparity does not eliminate the disparity." *United States v. Machic-Xiap*, 552 F. Supp. 3d 1055, 1072 (D. Or. 2021). The Court thus agrees with Mr. Rodriguez-Soto that § 1326 has a disparate impact on persons from Mexico and Latin America. *See, e.g., United States v. Rodriguez-Arevalo*, No. 1:19-CR-00281, 2022 WL 1542151, at *4 (M.D. Pa. May 16, 2022) (finding that § 1326 "does disparately impact Latinx individuals as a statistical matter"); *Machic-Xiap*, 552 F. Supp. 3d at 1072 ("Mr. Machic-Xiap has ample evidence that § 1326 has a disparate impact on persons coming from Latin American.")

A finding of disparate impact, however, does not end the inquiry. Even accepting that § 1326 has had a disparate impact on Latino individuals, the Court finds that Defendant's evidentiary proffers are "insufficient to establish under the *Arlington Heights* standard that discriminatory animus toward Hispanic peoples was a motivating factor in the enactment of Section 1326."

10

*United States v. Santos-Reynoso*, No. 21-CR-268-LTS, 2022 WL 2274470, at *6 (S.D.N.Y. June 23, 2022).

In support of his motion, Mr. Rodriguez-Soto focuses on the historical background and legislative history of the Undesirable Aliens Act of 1929 ("UAA"), which he contends was the precursor of the unlawful reentry provision codified in the 1952 Immigration and Nationality Act ("INA"). (Doc. 22 at 7.) He argues that the 1952 Congress "completely failed to debate or otherwise discuss the problematic origins of the reentry statute," and "[t]his silence" indicates that Congress either ignored the racial animus of the predecessor statute or decided to adopt it. (Doc. 22 at 32.)

Many district courts[7] have acknowledged the racial animus behind the earlier, 1929 law, and this Court also recognizes that law's "dark history." *Santos-Reynoso*, 2022 WL 2274470, at *4 (internal quotations omitted). The Court finds, however, that the discriminatory purpose behind the enactment of the 1929 statute, while relevant, is of "limited probative value to the

---

[7] *See, e.g., United States v. Novondo-Ceballos*, No. 21-CR-383 RB, 554 F.Supp.3d 1114 (D.N.M. Aug. 12, 2021) (denying motion); *United States v. Ruiz-Rivera*, No. 3:20-MJ-20306-AHG, 2020 WL 5230519 (S.D. Cal. Sept. 2, 2020) (denying motion); *United States v. Rios-Montano*, No. 19-CR-2123-GPC, 2020 WL 7226441, at *8 (S.D. Cal. Dec. 8, 2020) (denying motion); *United States v. Gutierrez-Barba*, No. CR1901224001PHXDJH, 2021 WL 2138801, at *5 (D. Ariz. May 25, 2021), *and United States v. Carrillo-Lopez*, No. 320CR00026MMDWGC, 555 F.Supp.3d 996, 1000-01 (D. Nev. Aug. 18, 2021).

evaluation of the constitutionality of Section 1326." *See id*. As other courts have pointed out, twenty-three years passed between the passage of the UAA and the INA, and only thirty congressmen from the 1929 Congress remained in office in 1952. *See id*; *see also United States v. Viveros-Chavez*, No. 21 CR 665, 2022 WL 2116598, at *8 (N.D. Ill. June 13, 2022). Furthermore, § 1326 is not merely a reenactment of the UAA. Instead, it is one provision in expansive legislation that resulted from "a most intensive and searching investigation and study over a three year period." *United States v. Canals-Jiminez*, 943 F.2d 1284, 1287 (11th Cir. 1991) (quoting *United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972)).

The Defendant has not provided direct evidence linking racial animus to the enactment of the statute in question. As another district court recently held:

> Even with a history of racial animus towards people from Mexico and Central America, [the Defendant] must show that the provision he was charged with violating was itself enacted at least in part by racial animus. He cannot merely point to the general history of racial animus in immigration policy and the absence of a refutation of this history to meet his burden. He has not cited to legislative history that shows racial animus in the enactment of § 1326(a) in 1952 or § 1326(b)(1) in 1988.

*United States v. Hernandez-Lopez*, 583 F. Supp. 3d 815, 823 (S.D. Tex. 2022). Mr. Rodriguez-Soto has the burden to show discriminatory intent in the

enactment of the statute under which he is charged. *See id.* at 822. "Proof of a discriminatory intent as to an earlier version is insufficient to show discriminatory intent as to the later version." *Id.*; *see also United States v. Crespo-Castelan*, No. 22 CR. 009 (JFK), 2022 WL 2237574, at *3 (S.D.N.Y. June 22, 2022) (finding that evidence of prior discriminatory intent did not satisfy defendant's burden of establishing that § 1326 was enacted, or later modified, with a discriminatory purpose). He has not met this burden.

## IV. Conclusion

For the reasons explained above, the Court the Court ADOPTS the Magistrate Judge's R&R (Doc. 30) and DENIES Mr. Rodriguez-Soto's motion to dismiss the indictment for violation of equal protection (Doc. 19, 22).

**SO ORDERED** this 21st day of December, 2022.

_____
SARAH E. GERAGHTY
United States District Judge